

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **DAVID DE LA ROSA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:04-CV-540** |
| | § | |
| **ST. CHARLES GAMING CO., INC.,** | § | |
| et al, | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**
**ADOPTING REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court referred this proceeding to United States Magistrate Judge Keith F. Giblin for the entry of recommendations and findings of fact on pretrial case-dispositive motions. Pending before the Court is the defendants' *Motion for Summary Judgment* [Clerk's doc. #22]. On August 9, 2005, the magistrate filed his *Report and Recommendation* on that motion [Clerk's doc. #28]. He recommended that the Court grant defendants' motion and render judgment in favor of the defendants on all of plaintiff's claims, which are comprised of an admiralty claim for unseaworthiness and a general claim for negligence under the Louisiana "slip and fall" statute.

Plaintiff filed *Objections to Magistrate's Recommendation in Favor of Summary Judgment*

[Clerk's doc. #35]. He specifically argues that the defendants' evidence presents factual errors; that the testimony of defendants' witness Rabon J. Mayes "misled the court;" and that the defendants failed to reach their burden in showing that the M/V CROWN CASINO is not a "vessel" within the meaning of maritime law. *See Objections*.

Plaintiff's assertion that this is an admiralty case is not supported by evidence that raises a question of material fact. The magistrate's finding that the M/V CROWN CASINO is not a "vessel" within the meaning of general maritime law is correct. Plaintiff has not demonstrated a question of material fact as to the existence of a condidtion which caused his fall, nor as to Defendant's knowledge of such condidtion. Plaintiff did not object to the magistrate's recommendation that the Court enter judgment against the plaintiff on his "slip and fall" claim. The Court therefore overrules the plaintiff's *Objections*.

After conducting a *de novo* review of the plaintiff's objections, the motion, and all evidence presented, the Court agrees with the magistrate's *Report and Recommendation. See* 28 U.S.C. § 636(b)(1). The Court therefore **ADOPTS** the *Report and Recommendation on Motion for Summary Judgment* [Clerk's doc. #28] and incorporates the magistrate's findings in support of this memorandum order**.**

The Court further **ORDERS** that Defendants' *Motion for Summary Judgment* [Clerk's doc. #22] is in all things **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice in their entirety and summary judgment is entered in favor of the Defendants. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **24** day of **August, 2005.**

_____
Ron Clark, United States District Judge